UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HAMMOND ONE LLC, )<br>  Plaintiff, )<br> )<br> v. )<br> )<br>BP PRODUCTS NORTH AMERICA INC., )<br>  Defendant. ) | CAUSE NO.: 2:21-CV-318-JVB-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff Hammond One LLC filed a Complaint (DE 1) asserting federal jurisdiction based on diversity of citizenship. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). For the Court to have diversity jurisdiction, no Defendant may be a citizen of the same state as Plaintiff, and the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a). Although Plaintiff has sufficiently alleged the amount in controversy (subject to any later challenge), the Complaint fails to allege properly either Defendant's citizenship or Plaintiff's own citizenship.

A. Citizenship of Defendant

The Complaint alleges that Defendant BP Products "was at all relevant times a Maryland corporation," and, further, that BP Products is "domiciled in Maryland." (DE ¶¶ 2, 4). These allegations are insufficient for the purpose of determining citizenship. "A court considering citizenship for diversity jurisdiction purposes determines each party's citizenship at the time the

action was filed." *3BTech, Inc. v. Wang*, No. 3:20-CV-637 JD, 2021 WL 1549737, at *3 (N.D. Ind. Apr. 20, 2021) (citing *Perry v. Pogemiller*, 16 F.3d 138, 139 (7th Cir. 1993); *see Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("diversity is assessed at the commencement of the action, as defined by Federal Rule of Civil Procedure 3 as the time of pleading"). The allegation "was at all relevant times" is too vague for the Court to know whether it includes *the date on which the Complaint was filed.* In addition, corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). The Seventh Circuit has further held that, "in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." *Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) (internal citation omitted). The record before the Court does not reveal whether BP Products was at all relevant times a "Maryland corporation" that was "domiciled in Maryland" because it was incorporated there, had its principal place of business there, both, or something else entirely. Plaintiff must allege the place where, on the date the Complaint was filed, BP Products was incorporated and maintained its principal place of business, 28 U.S.C. § 1332(c)(1), and it must allege those things separately, *Karazanos,* 147 F.3d at 628.

B.  Citizenship of Plaintiff

The Complaint alleges that "Hammond One, LLC . . . was at all relevant times an Indiana limited liability company," and that Plaintiff "is domiciled in Indiana." (DE 1 ¶¶ 1, 4). These allegations are insufficient for the purpose of determining citizenship. Once again, the allegation "at all relevant times" does not inform the Court whether the facts alleged were true *at the time the Complaint was filed*. *See Altom Transp., Inc.,* 823 F.3d at 420; *3BTech, Inc.,* 2021 WL 1549737,

at *3. In addition, to properly allege the citizenship of a limited liability company for purposes of the diversity statute, a plaintiff must allege "the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Smith v. Dodson*, No. 2:17-CV-372, 2019 WL 2526328, at *1 (N.D. Ind. June 19, 2019) (requiring the name and citizenship of each limited liability company member to be identified) (citing *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (requiring "the name and citizenship of each partner" of limited partnership)); *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("only the partners' or members' citizenships matter," and "their identities must be revealed"). For members of the limited liability company who are individuals, the plaintiff must allege citizenship based on their domicile (not residence). *See Heinen v. Northrop Grumman Corp.,* 671 F.3d 669, 670 (7th Cir. 2012) (citizenship "depends on domicile–that is to say, the state in which a person intends to live over the long run," and "[a]n allegation of 'residence' is therefore deficient"). For members who are corporations, the plaintiff must allege both the corporation's state of incorporation *and* its principal place of business. *Karazanos,* 147 F.3d at 628. And for members who are also limited liability companies (or other non-corporate business entities such as partnerships), the plaintiff must allege the constituent members and their citizenships, tracing the citizenship of each such member "through multiple levels" for members who in turn have members or partners. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Thomas*, 487 F.3d at 534 (jurisdictional statement for limited liability company "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well"). Thus, Plaintiff must identify the limited liability company members of Hammond One, LLC on the date the Complaint was filed, and for each of those members, it must allege citizenship based on the legal principles applicable to each member as of

the date the Complaint was filed, tracing the citizenship of each such member "through multiple levels" for members who in turn have members or partners.

Given the importance of determining the Court's jurisdiction over Plaintiff's Complaint, Plaintiff must properly allege its own citizenship as a limited liability company, and that of the corporate Defendant for purposes of diversity jurisdiction. The Court therefore **ORDERS** Plaintiff to **FILE**, on or before **November 2, 2021**, a supplemental jurisdictional statement properly alleging the citizenship of each party according to the legal principles stated above.

So ORDERED this 20th day of October 2021.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT